**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter ___11___

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Am-Source, LLC |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | Am-Source, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 05-0518427 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | 100 Tice Blvd. Woodcliff Lake, NJ 07677 | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Bergen | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.partycity.com/ |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor   **Am-Source, LLC**                          Case number (*if known*) _____
Name

---

**7.** **Describe debtor's business**

    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ■ None of the above

    B. *Check all that apply*

    ☐ Tax-exempt entity (as described in 26 U.S.C. §501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

        __4532__

---

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

    *Check one:*

    ☐ Chapter 7

    ☐ Chapter 9

    ■ Chapter 11. *Check **all** that apply:*

        ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

    ☐ No.

    ■ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | Southern District of Texas | | 1/17/23 | | 23-90013 | |
| | District _____ | | When _____ | | Case number _____ | |

---

| Debtor | Am-Source, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| List all cases. If more than 1, attach a separate list | Debtor | See Schedule I. | Relationship | Affiliate |
|---|---|---|---|---|
| | District | Southern District of Texas | When | Case number, if known |

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
■ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
■ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

| Debtor | Am-Source, LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ■ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Am-Source, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

<div style="background:black;"> </div> **Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/21/2024
              MM / DD / YYYY

**X**  /s/ Deborah Rieger-Paganis
_____
Signature of authorized representative of debtor

Title  Chief Restructuring Officer

Deborah Rieger-Paganis
_____
Printed name

**18. Signature of attorney**

**X**  /s/ John F. Higgins
_____
Signature of attorney for debtor

Date  12/21/2024
       MM / DD / YYYY

John F. Higgins
_____
Printed name

Porter Hedges LLP
_____
Firm name

1000 Main Street, 36th Floor
Houston, TX 77002
_____
Number, Street, City, State & ZIP Code

Contact phone  (713) 226-6000      Email address  jhiggins@porterhedges.com

09597500 TX
_____
Bar number and State

## **Schedule I**

## **Affiliated Entities**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Party City Holdco Inc.
Amscan Inc.
Am-Source, LLC
Party City Corporation
Party City Holdings Inc.
PC Intermediate Holdings, Inc.
Trisar, Inc.

## **Prior Case Pending in this Court**

23-90005 Party City Holdco Inc.

**Omnibus Resolutions
of the Respective Governing Bodies
of the Party City Group Companies**

**December 20, 2024**

   **WHEREAS**, (i) each of Party City Holdco Inc., Party City Corporation, Party City Holdings Inc., and PC Intermediate Holdings, Inc. (collectively, the "Delaware Corporations") is a Delaware corporation managed by a board of directors (collectively, the "Delaware Boards"), (ii) Amscan Inc. ("Amscan") is a New York corporation managed by a board of directors (the "Amscan Board"), (iii) Am-Source, LLC ("Am-Source") is a Rhode Island limited liability company managed by its sole member (the "Am-Source Member"), and (iv) Trisar, Inc. ("Trisar") is a California corporation managed by a board of directors (the "Trisar Board");

   **WHEREAS**, the Delaware Corporations, Amscan, Am-Source, and Trisar are referred to herein collectively as the "Party City Group Companies" and each individually as a "Party City Group Company," and the Delaware Boards, Amscan Board, Am-Source Member, and Trisar Board are referred to herein collectively as the "Governing Bodies" and each individually as the "Governing Body" in respect of its applicable Party City Group Company;

   **WHEREAS**, each Governing Body has reviewed and considered the financial and operational condition of their respective Party City Group Company and of the Party City Group Companies as a whole, including (which word, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the historical performance of the Party City Group Companies, the assets of the Party City Group Companies, the current and long-term liabilities of the Party City Group Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

   **WHEREAS**, each Governing Body has received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of its applicable Party City Group Company and such Party City Group Company's legal, financial, and other outside professional advisors as to the financial condition of the Party City Group Companies and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

   **WHEREAS**, each Governing Body reasonably believes that its applicable Party City Group Company's pursuing a case under the Bankruptcy Code on a coordinated basis with the other Party City Group Companies is expected to preserve more value for such Party City Group Company and its stakeholders than any other available alternative;

   **WHEREAS**, having determined that the following actions are desirable and in the best interests of the Party City Group Companies and their stakeholders, the Governing Body of Party City Holdco Inc. previously resolved at a meeting held on December 5, 2024 to (i) authorize Party City Holdco Inc. to enter into an agreement (the "CRO Agreement"), on behalf of itself and certain of its subsidiaries, with APS Services, LLP ("Alix") in order for Alix to make its personnel available to provide certain management services to the Party City Group Companies, (ii) create

the office of Chief Restructuring Officer of Party City Holdco Inc. (the "CRO"), and (iii) appoint Ms. Deborah Rieger-Paganis as CRO;

WHEREAS, the intention of each Governing Body with respect to its applicable Party City Group Company is to (i) use the Bankruptcy Code to implement an orderly wind down of its business and liquidation of its assets to maximize value for the benefit of each Party City Group Company's stakeholders and (ii) seek the use of cash collateral to fund such process;

WHEREAS, the Governing Bodies have reviewed and considered the need for Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of each Party City Group Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions contemplated by the below resolutions; and

WHEREAS, the Governing Bodies have reviewed and considered certain actions that may have previously been taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of any Party City Group Company in connection with or related to the matter set forth in the below resolutions;

NOW, THEREFORE, BE IT:

1.  **Appointment of CRO**

RESOLVED, that each Governing Body other than the Governing Body of Party City Holdco Inc., acting with respect to its applicable Party City Group Company, hereby ratifies the Governing Body of Party City Holdco Inc.'s determination to create the office of CRO; and be it further

RESOLVED, that each Governing Body other than the Governing Body of Party City Holdco Inc., acting with respect to its applicable Party City Group Company, hereby ratifies the Governing Body of Party City Holdco Inc.'s entry into the CRO Agreement and authorizes the Governing Body of Party City Holdco Inc. to take any and all actions to advance the Party City Group Companies' rights and obligations in connection therewith; and be it further

RESOLVED, that each Governing Body other than the Governing Body of Party City Holdco Inc., acting with respect to its applicable Party City Group Company, hereby ratifies the Governing Body of Party City Holdco Inc.'s retention of Alix, consistent with the terms of the CRO Agreement, to provide each of the Party City Group Companies with a CRO who shall be Ms. Rieger-Paganis; and be it further

RESOLVED, that each Governing Body other than the Governing Body of Party City Holdco Inc., acting with respect to its applicable Party City Group Company, hereby ratifies the Governing Body of Party City Holdco Inc.'s authorization of Alix to assign additional personnel to support the CRO and the Party City Group Companies, to serve in various capacities with the Party City Group Companies, and to perform other services required of Alix pursuant to the CRO Agreement; and be it further

**RESOLVED**, that each Governing Body other than the Governing Body of Party City Holdco Inc., acting with respect to its applicable Party City Group Company, hereby appoints Ms. Rieger-Paganis as CRO at such Party City Group Company; and be it further

## 2. Bankruptcy Resolutions

### a. Chapter 11 Filings

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby determines that it is desirable and in the best interests of such Party City Group Company, its equity holders, its creditors as a whole, and other parties in interest that such Party City Group Company file a voluntary petition for relief (the "Petition" and, together with the similar petitions by all other Party City Group Companies, the "Petitions") and commence a case (collectively, the "Bankruptcy Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes, directs, and empowers any officer or other authorized person of any of the Party City Group Companies, including the CRO (each, an "Authorized Person"), acting in the name and on behalf of such Party City Group Company, to (i) execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof, any modifications to the Petition or ancillary documents, and to (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, and other motions, objections, replies, applications, and other papers or documents advisable, appropriate, convenient, desirable, or necessary in connection with the foregoing; and be it further

**RESOLVED**, that in connection with the filing of the Petitions, each Governing Body, acting with respect to its applicable Party City Group Company, hereby (i) authorizes and directs the Authorized Persons, in the name and on behalf of such Party City Group Company, to engage in discussions and negotiations with all stakeholders in order to prosecute the Bankruptcy Cases, (ii) authorizes, adopts, and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Bankruptcy Court any motions, pleadings, and any other documents to be performed or agreed to by such Party City Group Company that are reasonably necessary for prosecution of and in connection with the proceedings of the Bankruptcy Cases (collectively, the "Ancillary Documents"), and (iii) authorizes and directs the Authorized Persons, in the name and on behalf of such Party City Group Company, to execute and deliver (with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof) each of the Ancillary Documents to which such Party City Group Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such Party City Group Company to perform its obligations thereunder; and be it further

### b. *Retention of Professionals*

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ certain individuals and/or firms as counsel, professionals, consultants, accountants, restructuring advisors, or financial advisors to such Party City Group Company as such Authorized Person, or any one of them, may deem advisable, appropriate, convenient, desirable, or necessary to represent and assist such Party City Group Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed appropriate applications for authority to retain the services of such individuals and firms; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and Porter Hedges LLP ("Porter Hedges") to represent such Party City Group Company as chapter 11 counsel and to represent and assist such Party City Group Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Party City Group Company's rights, including the preparation of pleadings and filings in the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and Porter Hedges; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ Alix to represent such Party City Group Company and provide consulting services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Alix; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ Kroll Restructuring Administration LLC (the "Claims Agent") to represent such Party City Group Company and provide notice and claims agent services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the

Petition, and to cause to be filed an appropriate application for authority to retain the services of the Claims Agent; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

        **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ A&G Realty Partners, LLC (the "Real Estate Advisor") to represent such Party City Group Company and provide real estate advisory services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Real Estate Advisor; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

        **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ Gordon Brothers Retail Partners, LLC and Gordon Brothers Commercial & Industrial, LLC (the "Store Closing Advisor") to represent such Party City Group Company and provide liquidation advisory services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed a motion seeking authority to assume that certain Asset Disposition Consulting Agreement, dated as of December 16, 2024, with the Store Closing Advisor; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

### 3.  Cash Collateral and Liquidation Process

        **RESOLVED**, that each applicable Governing Body, acting with respect to its applicable Party City Group Company, hereby determines that such Party City Group Company will obtain benefits from the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders and noteholders (collectively, the "Secured Parties") party to (i) that certain ABL Credit Agreement, dated as of October 12, 2023, by and among Party City Holdings Inc. and Party City Corporation, as borrowers, JPMorgan Chase Bank, N.A., as administrative agent, and the guarantors party thereto from time to time, and (ii) the 12.00% Senior Secured Second Lien PIK Toggle Notes due 2029 Indenture, dated as of October 12, 2023, among Party City Holdco Inc., as issuer, Wilmington Savings Fund Society, FSB, as trustee, and the guarantors party thereto from time to time; and be it further

        **RESOLVED**, that, each applicable Governing Body acting with respect to its applicable Party City Group Company, hereby authorizes and directs each of the Authorized Persons to (i) negotiate, execute, and deliver agreements, if applicable, for the use of cash collateral in connection with the Bankruptcy Cases on terms substantially similar to those described or

provided (or to be described or provided) to the Board; (ii) pledge and grant liens on the Party City Group Company's assets as may be contemplated by or required under the terms of such cash collateral use; or (iii) execute, deliver, verify, and/or file, or cause to be filed and/or executed, delivered, or verified, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as the Authorized Persons may approve, and to take any and all actions that the Authorized Persons determine advisable, necessary, or appropriate in connection with any postpetition cash collateral usage contemplated hereby or thereby (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Persons); and be it further

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable Party City Group Company, hereby determines that, to use and obtain the benefits of the Cash Collateral, and in accordance with sections 363 and 364 of the Bankruptcy Code, such Party City Group Company will provide certain adequate protection to the Secured Parties (the "Adequate Protection Obligations"), and authorizes and directs such Party City Group Company, as debtor and debtor in possession under the Bankruptcy Code, and each of the Authorized Persons, to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate in connection with providing such adequate protection; and be it further

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes, adopts, and approves the form, terms, and provisions of the proposed order authorizing, among other things, the Party City Group Companies' use of the Cash Collateral (the "Interim Cash Collateral Order") to which such Party City Group Company is or will be subject and the actions and transactions contemplated thereby, and each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of such Party City Group Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Party City Group Company is or will be a party, including any security and pledge agreement or guaranty agreement, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to such Governing Body on prior to the adoption of this resolution, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each of the Authorized Persons, in the name and on behalf of such Party City Group Company, to take all such further actions, including to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Obligations and appropriate fees and expenses incurred by or on behalf of such Party City Group Company, which shall be in their sole judgment necessary, proper, or advisable to perform any of such Party City Group Company's obligations

under or in connection with the Interim Cash Collateral Order, any other documents related to the provision of adequate protection, or any of the other ancillary documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that, in the judgment of the Governing Body of each Party City Group Company, it is desirable and in the best interest of each such Party City Group Company, its creditors, and other parties in interest that each such Party City Group Company use the Bankruptcy Cases to implement an orderly wind down of its business and liquidation of its assets; and be it further

**RESOLVED**, that, each applicable Governing Body acting with respect to its applicable Party City Group Company, hereby authorizes and directs each of the Authorized Persons to (i) commence a bidding and sale process for the Party City Group Companies' assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise and (ii) to initiate store closing sales to liquidate all of the Party City Group Companies' retail and wholesale inventory and locations; and be it further

**RESOLVED**, that, each applicable Governing Body acting with respect to its applicable Party City Group Company, hereby authorizes and directs each of the Authorized Persons to make, execute, file, and deliver any and all consents, certificates, documents, instruments, amendments, papers, or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Persons to be deemed conclusive evidence of the approval by the applicable Party City Group Company of the terms, provisions, and conditions thereof; and be it further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Person, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the applicable Party City Group Company, or the Governing Body, in the name and on behalf of the applicable Party City Group Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted, and approved in all respects; and be it further

## 4. General

**RESOLVED**, that each of the Authorized Persons be, and each of them individually hereby is, authorized, directed, and empowered from time to time in the name and on behalf of each Party City Group Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such Authorized Person or any one of them may deem advisable, appropriate, convenient, desirable, or necessary to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, (ii) perform the obligations of each Party City Group Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized

Person shall be conclusive evidence of the approval thereof by such Authorized Person and by such Party City Group Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and be it further

      **RESOLVED**, that all actions previously taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of any Party City Group Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such Party City Group Company.

*[Remainder of page intentionally left blank]*

| Fill in this information to identify the case: |
| --- |
| Debtor name: Party City Holdco Inc., *et al* |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number (if known): |

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | ANAGRAM INT INC 7700 ANAGRAM DR EDEN PRAIRIE, MN 55344 | CHERI DEFRIES PHONE: 612-949-5600 EMAIL: DEFRIESC@ANAGRAMINTL.COM | TRADE DEBT | | | | $6,667,313 |
| 2 | KBW GLOBAL CORP 9832 MAX SHAPIRO WAY SOUTH EL MONTE, CA 91733 | JONAS WU GENERAL MANAGER PHONE: 626-258-2938 EMAIL: JONAS@KBWCORP.COM | TRADE DEBT | | | | $5,486,856 |
| 3 | UNIQUE INDUSTRIES,INC 4750 LEAGUE ISLAND BLVD PHILADELPHIA, PA 19112 | SCOTT BROWN VP LICENSING & NATIONAL ACCOUNTS PHONE: 215-336-4300 EMAIL: SBROWN@FAVORS.COM | TRADE DEBT | | | | $2,115,094 |
| 4 | AGP, LLC 24 VINE STREET EVERETT, MA 02149 | MATTHEW D'AURIA CEO PHONE: 339-223-0239 EMAIL: MATTHEWDAURIA@AGPGAS.COM | TRADE DEBT | | | | $1,978,542 |
| 5 | MCLANE COMPANY LLC 6201 HK DODSEN LOOP NW TEMPLE, TX 76502 | SHAYNA FONTANA NATIONAL ACCOUNT MANAGER PHONE: 254-771-7490 EMAIL: SHAYNA.FONTANA@MCLANECO.COM | TRADE DEBT | | | | $1,943,476 |
| 6 | KING ZAK INDUSTRIES, INC. 3 POLICE DRIVE GOSHEN, NY 10924 | SAADIA ZAKARIN VP SALES & OPERATIONS PHONE: 845-291-1200 X156 EMAIL: SZAKARIN@KINGZAK.COM | TRADE DEBT | | | | $1,943,059 |
| 7 | M&J TRIMMINGS CO INC 1008 AVE OF THE AMERICAS NEW YORK, NY 10018 | JACK HARARI DIVISION HEAD PHONE: 212-704-8028 EMAIL:  JHARARI@MJTRIM.COM | TRADE DEBT | | | | $1,933,296 |
| 8 | NASSAU CANDY DISTRIBUTORS, INC. 530 WEST JOHN ST. HICKSVILLE, NY 11801 | LES STIER CEO PHONE: 800-486-1226 EMAIL: LES.STIER@WASSANCANDY.COM | TRADE DEBT | | | | $1,921,126 |
| 9 | JOHN TYLER ENTERPRISES INC 550 CRESCENT BLVD GLOUCESTER CITY, NJ 08030 | JASON BISHOP VP OF OPERATIONS PHONE: 609-206-2521 EMAIL: JASON.BISHOP@ENTERNEST.COM | TRADE DEBT | | | | $1,672,976 |
| 10 | KAY GLOBAL GROUP INC 1 MIDDLETON ST APT 3R BROOKLYN, NY 11206 | IZZY KRAUS OWNER PHONE: 718-306-9773 EMAIL: IZZY@KAYGRP.COM | TRADE DEBT | | | | $1,649,801 |
| 11 | DOORDASH INC 303 2ND STREET SAN FRANCISCO, CA 94107 | MOLLY WARNER MANAGER, NEW BUSINESS DEVELOPMENT (RETAIL) EMAIL: MOLLY.WARNER@DOORDASH.COM | TRADE DEBT | | | | $1,499,887 |

Debtor: Party City Holdco Inc., *et al.*                                                                                                                        Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 12 | PRAXAIR DISTRIBUTION INC. 10 RIVERVIEW DRIVE DANBURY, CT 06810 | GARY CONNORS SALES MANAGER EMAIL: GARY.CONNORS@LINDE.COM | TRADE DEBT | | | | $1,496,725 |
| 13 | DAH LOONG DEVELOPMENT 8F NO.217 SEC 3 NANJING E RD ZHONGSHAN DIST. TAIPEI, TAIWAN | KEVIN SUN COMPANY OFFICER PHONE: 886-2506-7155 EMAIL: KEVIN@DAHLOONG.COM.TW | TRADE DEBT | | | | $1,213,690 |
| 14 | AMSCAN ASIA LIMITED (JV) 35/F SAXON TOWER 7 CHEUNG SHUN STREET LAI CHI KOK KOWLOON, HONG KONG | HEI LIU IT MANAGER PHONE: 852-3655-9220 EMAIL: HLIU@AMSCAN.ASIA | TRADE DEBT | | | | $1,135,126 |
| 15 | WORTHINGTON ENTERPRISES INC 27406 NETWORK PLACE CHICAGO, IL 60673-1274 | BRAD KUSHINSKI NATIONAL ACCOUNT MANAGER PHONE: 614-840-3953 EMAIL: BRAD.KUSHINSKI@WTHG.COM | TRADE DEBT | | | | $1,122,035 |
| 16 | 22SQUARED, INC 1170 PEACHTREE ST NE STE 1400 ATLANTA, GA 30309 | CHRISTINA KENDALL GROUP BUSINESS DIRECTOR PHONE: 404-229-1110 EMAIL: CHRISTINA.KENDALL@22SQUARED.COM | TRADE DEBT | | | | $1,010,469 |
| 17 | PHILCOS ENTERPRISER USA INC 1501 EAST ROBINSON STREET ORLANDO, FL 32801 | DANIEL STROLL VICE PRESIDENT - USA SALES PHONE: 514-777-7357 EMAIL: DANIEL.STROLL@PHILCOS.COM | TRADE DEBT | | | | $967,126 |
| 18 | NINGBO SUNBOW INDUSTRY & TRADE NO 7 XIZHUANG INDUSTRY ZONE XINZHUANG VILAGE GAOQIAO TOWN ZHEJIANG NINGBO, CHINA | ANDY SHEN COMPANY OFFICER PHONE: 86-574-8817-6015 EMAIL: ANDI@NBSENBAI.COM | TRADE DEBT | | | | $961,928 |
| 19 | PINTEREST INC 651 BRANNAN STREET SAN FRANCISCO, CA 94107 | NELSON HUDSPETH LEAD CLIENT PARTNER EMAIL: NHUDSPETH@PINTEREST.COM | TRADE DEBT | | | | $897,226 |
| 20 | ARES HOLDINGS LLC 1045 SOUTH JOHN RODES BLVD MELBOURNE, FL 32904 | PRESIDENT/GENERAL COUNSEL PHONE: 321-727-2865 | TRADE DEBT | | | | $785,701 |
| 21 | ZEPHYR SOLUTIONS LLC 1050 LEAR INDUSTRIAL PKWY AVON, OH 44011 | RYAN KEATING CHIEF FINANCIAL OFFICER PHONE: 440-937-9993 EMAIL: RKEATING@ZEPHYRSOLUTIONS.COM | TRADE DEBT | | | | $753,432 |
| 22 | DELOITTE CONSULTING LLP 30 ROCKEFELLER PLAZA NEW YORK, NY 10112 | TRINADHA KANDI MANAGING DIRECTOR PHONE: 404-631-2814 | TRADE DEBT | | | | $727,820 |
| 23 | NINGBO LILART IMP&EXP CO LTD NO.2, 3F, HUACHENG INTL.BLDG 611 QINGSHUIQIAO RD,NINGBO HI ZHEJIANG NINGBO, CHINA | MENGYU SONG ACCOUNT MANAGER PHONE: 0574-8790-1179 EMAIL: SALES01@LILART.CN | TRADE DEBT | | | | $707,241 |
| 24 | CONCENTRIX SOLUTIONS CORPORATION 201 EAST FOURTH STREET, FLOOR 2 CINCINNATI, OH 45202 | CHIP LILLEY SALES DIRECTOR PHONE: 412-512-8635 EMAIL: CHIP.LILLEY@CONCENTRIX.COM | TRADE DEBT | | | | $668,938 |
| 25 | MICROSOFT ONLINE INC 1 MICROSOFT WAY REDMOND, WA 98052 | KAYLEEN WALTERS & LUKE MADDEN VP, FRANCHISE DEVELOPMENT & GO-TO-MARKET STRATEGY LEAD PHONE: 469-775-5000 EMAIL: KAYLEEN.WALTERS@MICROSOFT.COM | TRADE DEBT | | | | $590,562 |

Debtor: Party City Holdco Inc., *et al.*                                                                                                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 26 | ROCKY-TAFU 20, KANG SHAN NORTH ROAD GANGSHAN DIST KANG-SHAN TOWNSHIP, KAOHSIUNG, TAIWAN | MIKE TSAI COMPANY OFFICER PHONE: 886-7622-7343 EMAIL: ROCKY.TAFU@MSA.HINET.NET | TRADE DEBT | | | | $513,086 |
| 27 | FESTA (GUANGZHOU) CO., LTD FLOOR 18 PARK LANE BUS CTR 498 HUANSHI ROAD EAST GUANGZHOU, GD CHINA | EDWARD LEE COMPANY OFFICER PHONE: 862-0-8762-2123 EMAIL: EDWARD@FESTA.CN | TRADE DEBT | | | | $508,396 |
| 28 | FORPLAY INC 6921 VALJEAN AVE VAN NUYS, CA 91406 | FREDA ROSE NATIONAL SALES REPRESENTATIVE PHONE: 323-435-3358 EMAIL: FREDA@FORPLAYINC.COM | TRADE DEBT | | | | $501,864 |
| 29 | MJC INTERNATIONAL 365 SOUTH SPRUCE AVE FLOOR 2 SAN FRANCISCO, CA 94080 | HOLLY PRICE ACCOUNT MANAGER EMAIL: HOLLY.PRICE@GOMJC.COM | TRADE DEBT | | | | $492,840 |
| 30 | LEAF EXECUTION INC 1350 TEXAS STREET GARY, IN 46402 | KYLE BROMAN PHONE: 847-274-5822 EMAIL: KYLE@LEAF-EX.COM | TRADE DEBT | | | | $481,744 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Am-Source, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>SOUTHERN DISTRICT OF TEXAS</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an
   amended filing

<u>Official Form 202</u>
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration     Consolidated Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/21/2024          **x**  */s/ Deborah Rieger-Paganis*
                                           Signature of individual signing on behalf of debtor

                                           Deborah Rieger-Paganis
                                           Printed name

                                           Chief Restructuring Officer
                                           Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) Case No. 24-[●] ([●]) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. BANKR. P. 7007.1

Pursuant to rule 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Party City Holdco Inc. ("PCHI") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

1.     PCHI is the ultimate parent of each of the Debtors.   The following are all corporations, other than the debtor or a governmental unit, that directly or indirectly own 10% or more of any class of PCHI's equity interests:

- **Capital Group/American Funds**
  333 South Hope Street
  55th Floor
  Los Angeles, CA 90071

- **Davidson Kempner**
  520 Madison Ave, Floor 30
  New York, NY 10022

- **Silver Point Capital**
  2 Greenwich Plaza, 1st Floor
  Greenwich, CT 06830

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

2.     The following is an organizational list reflecting all of the ownership interests in PCHI's Debtor affiliates, each of which is 100% owned by its direct parent.

| Debtor | Equity Holder(s) | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| Amscan Inc. | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Am-Source, LLC | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Party City Corporation | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Party City Holdings Inc. | PC Intermediate Holdings, Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| PC Intermediate Holdings, Inc. | Party City Holdco Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Trisar, Inc. | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |

*[Remainder of Page Intentionally]*

Dated: December 21, 2024

Respectfully submitted,

By: */s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Aaron J. Power (TX Bar No. 24058058)
M. Shane Johnson (TX Bar No. 24083263)
Jordan T. Stevens (TX Bar No. 24106467)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
apower@porterhedges.com
sjohnson@porterhedges.com
jstevens@porterhedges.com
gsarda@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Kenneth S. Ziman (*pro hac vice pending*)
Christopher Hopkins (*pro hac vice pending*)
Stephanie P. Lascano (*pro hac vice pending*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kziman@paulweiss.com
chopkins@paulweiss.com
slascano@paulweiss.com

*Proposed Co-Counsel to the Debtors and the
Debtors in Possession*